Carlene M. Simmons
Macey & Aleman, P.C.
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 1.866.339.1156
Fax: 1.312.822.1064
cms@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| Jeff Luechtefeld<br>14520 E. Kern Court<br>Fountain Hills, AZ 85268<br><br>    Plaintiff,<br><br>v.<br><br>I.C. Systems, Inc.<br>c/o CT Corporation System<br>2394 E. Camelback Rd.<br>Phoenix, AZ 85016<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around December 23, 2008, Defendant telephoned Plaintiff's father ("Father").

8. During this communication, Defendant disclosed to Father that Plaintiff owed the debt.

9. During this communication, Defendant spoke to Father in a harassing, oppressive, and abusive manner.

10. During this communication, Defendant threatened to sue Plaintiff if the debt was not satisfied immediately.

11. On or around January 10, 2009, Defendant telephoned Father.

12. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

13. During this communication, Father notified Defendant that Defendant could not reach Plaintiff at Father's residence.

14. Despite this notice, Defendant telephoned Father on or around January 12, 2009.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's Father.

33. Defendant's disclosure of Plaintiff's debt and the threat of legal action to this person is highly offensive.

34. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Carlene M. Simmons*
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel:  1.866.339.1156
Fax: 1.312.822.1064
cms@legalhelpers.com
*Attorney for Plaintiff*